UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: _____

GREGORIO BUSTAMANTE,

        Plaintiff,

v.

SUPERIOR SCAFFOLDING & INSULATION INC.,

        Defendant.

## COMPLAINT

Plaintiff GREGORIO BUSTAMANTE ("Plaintiff") sues the Defendant SUPERIOR SCAFFOLDING & INSULATION INC. (the "Defendant") and alleges:

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages and wrongful, retaliatory discharge under the laws of the United States and the laws of Florida.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under Fla. Stat. § 440.205.



www.saenzanderson.com

1

**VENUE**

4. Defendant is a Foreign Profit Corporation conducting business in Clay County, Florida, where Plaintiff worked for Defendant. Defendant, at all times material hereto, was and is engaged in interstate commerce.

5. Plaintiff is a resident of Clay County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

**COUNT I: UNPAID OVERTIME WAGES
IN VIOLAITON OF THE FLSA**

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

7. This action is brought by Plaintiff to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state



www.saenzanderson.com

lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was and/or is engaged in interstate commerce for the Defendant. The Defendant's business activities involve those to which the Act applies. The Defendant is a Car Dealership and, through its business activity, affects interstate commerce. Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Defendant as mechanic for the Defendant's business.

10. While employed by the Defendant, Plaintiff worked approximately an average of 70-80 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed.

11. Plaintiff worked for the Defendant from approximately April 13, 2022, through April 29, 2022.  In total, Plaintiff worked approximately 2.5 compensable weeks under the Act, or 2.5 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

12. The Defendant paid Plaintiff on average approximately $1,000 per week.


www.saenzanderson.com

13. However, the Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

14. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

15. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    a. **Actual Damages:** $583.33

        i. Calculation: $1,000 (average weekly pay) / 75 hours = $13.33 (hourly pay) x .5 (overtime rate) x 35 (approximate number of weekly overtime hours) x 2.5 (compensable weeks) = $583.33

    b. **Liquidated Damages:** $583.33

    c. **Total Damages: $1,166.67** plus reasonable attorneys' fees and costs of suit.

16. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

17. The Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff overtime wages since the commencement of Plaintiff's employment with the Defendant as set forth above, and Plaintiff is



entitled to recover double damages. The Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

18. The Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendant as set forth above.

19. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: VIOLATION OF 29 U.S.C. 215 (a)(3)

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-5 above as if set out in full herein.

21. At all times relevant, Plaintiff was an employee of the Defendant as a mechanic for the Defendant's business and Defendant was an employer of Plaintiff under the Act.



22.     Defendant willfully and intentionally refused to pay Plaintiff his legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

23.     During his last week of employment, Plaintiff complained to Defendant about unpaid overtime wages.

24.     In response, Defendant terminated Plaintiff's employment.

25.     29 U.S.C. § 215(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee."

26.     The motivating factor, which caused Plaintiff's discharge as described above, was the complaint seeking the payment of overtime wages from Defendant.  In other words, Plaintiff would not have been fired but for his complaint about unpaid overtime wages.

27.     The Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and


www.saenzanderson.com

humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## COUNT III: WRONGFUL DISCHARGE
## IN VIOLAITON OF FLA. STAT. § 440.205

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 5 above as if set out in full herein.

29. This is an action for wrongful discharge of an employee in violation of Section 440.205 of the Florida Statutes.

30. At all times relevant, Plaintiff was employed by Defendant as a mechanic.

31. On or about April 24, 2022, Plaintiff suffered a work-related injury. Specifically, he cut his finger while working for the Defendant.

32. Plaintiff immediately informed Defendant of the accident and injury and requested medical treatment. Among others, Francisco Castaneda was informed of the accident and injury.

33. Plaintiff insisted on receiving adequate medical treatment, which Defendant ignored.

34. Then, on or about April 29, 2022, Defendant terminated Plaintiff's employment.

35. Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason or one of the motivating factors for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation or benefits under the Workers' Compensation Law, as Plaintiff was entitled to do.

36. A motivating factors which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.



www.saenzanderson.com

37. Alternatively, the Plaintiff would not have been fired but for his claiming or attempt to claim worker's compensation benefits as described above.

38. Defendant's act of discharging Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

39. By reason of Defendant's wrongful discharge, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

40. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant for all back wages from the date of discharge to the present date; front wages; compensatory mental damages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: May 18, 2022.                             Respectfully submitted,

> By: */s/Aron Smukler*
> Aron Smukler, Esquire
> Fla. Bar No.: 297779
> Email: asmukler@saenzanderson.com
> R. Martin Saenz, Esquire
> Fla. Bar No.: 0640166
> Email: msaenz@saenzanderson.com
> SAENZ & ANDERSON, PLLC
> 20900 NE 30th Avenue, Ste. 800
> Aventura, Florida 33180
> Telephone: (305) 503-5131
> Facsimile: (888) 270-5549
> *Counsel for Plaintiff*



www.saenzanderson.com

8